Filed 8/22/22 P. v. McDonald CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C094485 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CR001960) |
| v. | |
| QUINTON TRAVIS McDONALD, | |
| Defendant and Appellant. | |

Defendant Quinton Travis McDonald agreed to a stipulated upper term of three years, which was suspended while he was placed on probation, in a plea agreement. After defendant violated his probation terms, consistent with the plea agreement, the trial court executed defendant's three-year sentence. Defendant appeals, arguing the changes made to Penal Code section 1170, subdivision (b) by Senate Bill No. 567 (2021-2022

1

Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567) do not permit an upper term sentence under the circumstances of the case.[1]  We will affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The prosecution charged defendant with severing a phone line (§ 591), misdemeanor spousal battery (§ 243, subd. (e)(1)), and two misdemeanor counts of endangering a child (§ 273a, subd. (b)).  In August 2019, defendant pleaded guilty to the severing a phone line count and the prosecution dismissed the other counts.[2]  The trial court imposed the stipulated upper term of three years, suspended execution of the sentence, and placed defendant on a five-year probation term.

In June 2021, defendant admitted a probation violation and the prosecution dismissed a separate case in which defendant had been charged with forgery (§ 470, subd. (d)).  The trial court lifted the suspension on the three-year prison sentence and permitted the last two months of the sentence to be served on mandatory supervision. Defendant filed a notice of appeal without a certificate of probable cause.

## DISCUSSION

Defendant argues he is entitled to resentencing because of the changes made to section 1170, subdivision (b) by Senate Bill 567.  According to defendant, the changes limit the trial court's ability to impose more than the middle term unless a defendant stipulates to the aggravating circumstances, those circumstances have been found true beyond a reasonable doubt, or the court is relying on prior convictions based on a certified record of conviction.  Because none of these circumstances are met here, defendant reasons he is entitled to resentencing under the amended statute.

---

[1]     Further undesignated statutory references are to the Penal Code.

[2]     Defendant also pleaded guilty in a separate case that is not at issue in this appeal.

Senate Bill 567 amended section 1170, effective January 1, 2022. (Stats. 2021, ch. 731.) Under the amended version of section 1170, when a judgment of imprisonment is to be imposed and a statute specifies three possible terms, "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in [section 1170, subdivision (b)(2)]." (§ 1170, subd. (b)(1).) Section 1170, subdivision (b)(2) provides that the trial court may impose a sentence exceeding the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

The parties agree Senate Bill 567 applies retroactively to defendant's case under *In re Estrada* (1965) 63 Cal.2d 740 and *People v. Esquivel* (2021) 11 Cal.5th 671. Because Senate Bill 567 enacts an ameliorative change in the law by reducing the possible punishment for certain defendants, we agree with the parties that it applies retroactively here. (*People v. Flores* (2022) 75 Cal.App.5th 495, 500.)

The parties disagree as to the effect Senate Bill 567 should have on the case. Defendant argues the case should be remanded to allow defendant a new sentencing hearing that comports with the amended statute. The People argue that, because defendant stipulated to an upper term sentence, the trial court had no discretion to impose anything other than the upper term. Thus, section 1170, subdivision (b)(1) did not, and does not, apply to defendant's case, and the changes to the statute do not make any difference in defendant's sentencing. We conclude section 1170, subdivision (b) does not apply to defendant's stipulated sentence.

The reasoning in *People v. Brooks* (2020) 58 Cal.App.5th 1099 (*Brooks*), which considered the application of similar legislative changes, is persuasive. In *Brooks*, the defendant agreed to a stipulated sentence in a plea agreement. (*Id.* at p. 1102.) After the

3

trial court sentenced the defendant, the Legislature enacted section 1170.91, which required the trial court to consider trauma a defendant suffered as a result of military service as a mitigating factor when imposing a sentence under section 1170. (*Brooks*, at pp. 1103-1104.) The trial court denied the defendant's petition to recall his sentence under the new law, finding it had no power to resentence him because he had agreed to a stipulated term in his plea agreement. (*Id.* at p. 1103.) The appellate court concluded because the defendant stipulated to the term of his sentence in the plea agreement, the trial court did not apply judicial discretion at the time it sentenced him and had no discretion on resentencing, because to do so would unlawfully modify the terms of his plea agreement. (*Id.* at pp. 1106-1107.) Once the trial court accepted the plea agreement, it was required to impose a sentence within the limits of that plea bargain. (*Ibid.*) As a result, when the court sentences a defendant to a stipulated term, it is not exercising its "triad sentencing discretion." (*Id.* at p. 1107.)

In other words, " 'when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation. Therefore, the trial court is not "imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).)' " (*Brooks, supra*, 58 Cal.App.5th at p. 1109.) Other courts have concluded similarly. (*People v. King* (2020) 52 Cal.App.5th 783, 791; *People v. Pixley* (2022) 75 Cal.App.5th 1002, 1007-1008.)

Like the statute in *Brooks*, the relevant changes in Senate Bill 567 rest on the trial court's exercise of its sentencing discretion under section 1170, subdivision (b). In defendant's case, the trial court imposed a sentence in accordance with the plea agreement, which included an upper term three-year sentence for the severing a phone line conviction. The trial court accepted the plea agreement and did not exercise any discretion to impose the lower, middle, or upper term sentence under section 1170, subdivision (b). Thus, as in *Brooks*, the trial court had no discretion but to sentence

4

defendant to the agreed upon term. (*Brooks, supra*, 58 Cal.App.5th at pp. 1106-1107.) Because defendant was not sentenced under section 1170, subdivision (b), the changes made by Senate Bill 567, even if applied retroactively, do not affect defendant's sentence.

DISPOSITION

The judgment is affirmed.

/s/
HOCH, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
EARL, J.